**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MCGOWAN; A.M., a Minor, by and through his Guardian ANTHONY MCGOWAN; and W.G., a Minor, by and through his Guardian WALTER GALLIGANI, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, a Delaware Corporation; and VERIFF, INC., a Delaware corporation,<br><br>Defendants. | Case No. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Veriff, Inc. ("Veriff") hereby gives notice of removal of this action from the Circuit Court of DuPage County, Illinois to the United States District Court for the Northern District of Illinois.

**I. THE STATE COURT ACTION**

On November 12, 2021, Plaintiff Anthony McGowan, A.M., a minor, by and through his Guardian Anthony McGowan, and Plaintiff W.G., a minor, by and through his Guardian Walter Galligani, (collectively "Plaintiffs") commenced this action in the Circuit Court of DuPage County, titled *A.M. v. Roblox Corporation and Veriff, Inc.*, Case. No. 2021L001202. Copies of the summons and complaint were served on Veriff on November 19, 2021. *See* Ex. 1 (service of process transmittal); Ex. 2 (summons); Ex. 3 (class action complaint); Ex. 4 (Plaintiffs' Motion for Class Certification). No other "process, pleadings, [or] orders" have been served upon Veriff in the Circuit Court of DuPage County. 28 U.S.C. § 1446(a).

The Complaint alleges that "Defendant Veriff works with its clients to incorporate its API platform into their mobile or internet-based applications, where it collects and analyzes

individuals' facial biometrics in order to authenticate their identities for its clients." Ex. 3 ¶ 20. Further, the Complaint alleges that "Roblox worked with Veriff to implement a biometric authentication API to ensure that only users over the age of 13 would have access to the Spatial Voice Feature" of Roblox. *See* Ex. 3 ¶ 26. Based on these and other allegations, Plaintiffs assert three claims for violation of subsections 14/15(a) (against Roblox only), 14/15(b) (against both Veriff and Roblox), and 14/15(c) (against Veriff only) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1. *See* Ex. 3 ¶¶ 52-79.

Plaintiffs also seek to represent a proposed class of "[a]ll persons within the state of Illinois whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Veriff, Inc. any time within the applicable limitations period,"[1] *id*. ¶ 44, and alleges that "the class is so numerous that joinder of all members is impractical," *id*. ¶ 46, and that "[t]here are thousands of members of the Classes," *id*. Among other relief, Plaintiffs seek on behalf of themselves and every class member: (1) declaratory relief, (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (5) pre- and post-judgement interest. *Id.* p. 20.

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in

---

[1] With respect to co-Defendant Roblox Corporation, Plaintiffs additionally seek to represent a proposed class of "[a]ll persons within the state of Illinois whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Roblox Corporation any time within the applicable limitations period." Ex. 3, ¶ 44.

controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

> **1. This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiffs seek to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 3 ¶ 55, which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Moreover, Plaintiffs contend that "Defendant Veriff works with its clients to incorporate its API platform into their mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to authenticate their identities for its clients." Ex. 3 ¶ 20. They purport to bring this action on behalf of "[a]ll persons within the state of Illinois whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Veriff, Inc. any time within the applicable limitations period," *id*. ¶ 44, and allege that "the class is so numerous that joinder of all members is impractical," *id*. ¶ 46. In fact, Plaintiffs specifically allege that "[t]here are thousands of

members of the Classes." *id*. For purposes of removal the Court must accept the allegations in the complaint as true. See *Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) ("[T]he court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint."); 77 C.J.S. Removal of Cases § 4 ("For purposes of determining removability, the allegations of the petition or complaint must be taken as true, and at their face value.").

Thus, the allegations of the Complaint allege a Class that consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more thereby satisfying the first requirement for original jurisdiction in federal court under CAFA.

### 2. The amount in controversy exceeds $5,000,000.

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Because the proposed class is comprised of more than 1,000 individuals, *see* Ex. 3 ¶ 46, and because Plaintiffs present as common questions, among others, "[w]hether [Veriff's] conduct violates BIPA," Ex. 3 ¶ 48(e), and whether such alleged violation is "willful or reckless," *id*. ¶ 48(f), and seek to recover "statutory damages of $5,000 for each willful and/or reckless violation of BIPA," *id*. ¶ 60(d), the amount in controversy in this case exceeds the threshold requirement of $5,000,000.[2] *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court

---

[2] Even if there were only 1000 members of the Class, and here the Complaint alleges "thousands," the jurisdictional requirement of $5,000,000 is met. (1000 x $5,000=$5,000,000).

unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"). The amount in controversy is therefore sufficient for removal purposes under CAFA.

3.  **The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiffs are citizens of Illinois, while Veriff is a citizen of only the states of Delaware where it is incorporated and New York where it has its headquarters and principal place of business . *See* Ex. 3 ¶ 6; Declaration of Kaarel Kotkas in Support of Notice of Removal (attached hereto as Exhibit 5). Defendant Roblox is incorporated in Delaware with its headquarters and principal place of business in California. *See* Ex. 3 ¶ 7; https://en.help.roblox.com/hc/en-us/articles/203313370-Roblox-Company-Information; 28 U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse under CAFA.

B.  **None of CAFA's exceptions bars removal in this case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception

does not apply here because the only defendants, Veriff and Roblox, are citizens of Delaware, New York (Veriff) and California (Roblox) and are not citizens of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").[3]

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. 3 ¶¶ 67-94 (asserting BIPA claims).

### C. Venue is Proper.

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of DuPage County. *See* 28 U.S.C. § 1441(a).

### D. Veriff has satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. Copies of the Summons, Complaint and Motion for Class Certification were served on Veriff on November 19, 2021, *see* Exs. 1-4, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Veriff are being filed herewith as Exhibits 1 through 4.

---

[3] Veriff may effectuate removal without the consent of co-defendants because this action is being removed pursuant to CAFA. See *First Bank v. DJL Properties, LLC*, 598 F.3d 915, 917 (7th Cir. 2010) ("The function of the second "any" [in 28 U.S.C. § 1453(b)] is to establish that a single defendant's preference for a federal forum prevails.").

Pursuant to 28 U.S.C. § 1446(d), Veriff will promptly serve on Plaintiffs and file with the DuPage County Court a "Notice to Adverse Party of Removal to Federal Court," and will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III.    RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Veriff's rights or defenses. To the contrary, Veriff expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### CONCLUSION

In light of the forgoing, Veriff respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of DuPage County, Illinois. In addition, Veriff further requests whatever other relief the Court deems appropriate.

Dated: December 16, 2021 **PERKINS COIE LLP**

By: */s/* Debra R. Bernard
Debra R. Bernard (ARDC No. 6191217)
DBernard@perkinscoie.com

Attorney for Defendant
Veriff, Inc..

Debra R. Bernard (ARDC No. 6191217)
PERKINS COIE LLP
110 N. Wacker Dr. Suite 3400
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2021, a copy of the foregoing **NOTICE OF REMOVAL** was served via email on the following attorneys of record:

Eugene Y. Turin
Timothy P. Kingsbury
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
cbuscarini@mcgpc.com

Attorneys for Plaintiffs

/s/ Debra R. Bernard